UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**CRAIG ROGERS**                                                                                                     **PETITIONER**

**v.**                                                                                         **CIVIL ACTION NO. 5:07-CV-P104-R**

**STEVE HANEY et al.**                                                                                            **RESPONDENTS**

### MEMORANDUM AND ORDER

Petitioner, Craig Rogers, filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus (*see* DN 8). This matter is before the Court for preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] On review, the Court will direct Respondent to answer. Accordingly, **IT IS ORDERED** as follows:

(1) The Clerk of Court **shall effect service** of the petition (*see* DN 8) on Respondent and the Attorney General for the Commonwealth of Kentucky.

(2) Respondent shall file an answer herein within **40 days** from the date of entry of this Order.

(3) Petitioner may file a reply no later than **15 days** following service of Respondent's answer.

(4) This matter is **REFERRED to Magistrate Judge W. David King** pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) for appropriate hearings, if any, findings of fact, and recommendations for disposition.

Petitioner also has filed a motion for appointment of counsel (*see* DN 8). He states that he

---

[1] Rule 4 provides that unless "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, . . . . the judge must order the respondent to file an answer, motion, or other response . . . ."

has no funds to employ counsel; his petition raises constitutional issues which should be presented by legal counsel; he is uneducated in the law; and the interest of justice would be served by appointment of counsel.

Generally, a petitioner has no absolute right to be represented by counsel on habeas corpus review. *See Wright v. West*, 505 U.S. 277, 293 (1992). The Court may appoint counsel for a habeas petitioner who is financially unable to afford counsel if the Court determines that the interests of justice so require. *See* 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B).

The Court does not find that the complexity of the legal issues in this case necessitates the appointment of counsel. Further, based on the pleadings filed thus far, it appears that Petitioner is familiar with the workings of the legal system and is able to represent himself sufficiently at this time.

Accordingly, **IT IS FURTHER ORDERED** that the motion for appointment of counsel is **DENIED**. Nothing in this order shall preclude Petitioner from requesting appointment of counsel at a future point in this action, should circumstances arise to justify such a request.

Date:

cc:     Petitioner, *pro se*
        Respondents
        Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals,
          1024 Capital Center Drive, Frankfort, KY 40601

4413.009